# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL DOCKET |
|---|---|
| VERSUS | NO: 05-266 |
| MARIA CARMEN PALAZZO, M.D. | Section: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Government's Motion for Reconsideration (Doc. # 383) is **GRANTED**, and this court's April 12, 2012, Order directing the Government to produce responsive documents as required by the Office of Information Policy, is **AMENDED** to require the documents to be produced for the court's *in camera* inspection. The Government must file the responsive documents by October 1, 2012.

## BACKGROUND

On April 16, 2008, a jury found Maria Carmen Palazzo, M.D., guilty on 39 counts of health care fraud[1] in violation of 18 U.S.C. § 1347, and returned a $655, 260.97 forfeiture verdict against her. On June 23, 2008, Palazzo filed a motion for judgment of acquittal, or in the alternative, for a new trial. She argued that the Government had failed to prove she executed the health care fraud and failed to prove criminal intent. She also argued that a demonstrative aid was erroneously

---

[1] All counts involved a scheme to defraud Medicare. Specifically, Counts 1-14 charged Palazzo with billing Medicare for services that did not qualify for the codes she used. Counts 15 and 17-27 charged Palazzo with billing Medicare for services performed by her physician's assistant, as if she had performed them herself. Counts 28-40 charged Palazzo with improper billing practices while employed as Touro Infirmary's Partial Hospitalization Program Medical Director.

admitted, and that the district court had improperly performed the loss and forfeiture calculations. On December 18, 2008, the court denied Palazzo's motion and rendered judgment in favor of the Government for the total amount of the forfeiture verdict. On January 14, 2009, Palazzo was sentenced to 87 months imprisonment for all counts, to be served concurrently.

On January 16, 2009, Palazzo appealed her conviction to the United States Court of Appeals for the Fifth Circuit arguing that: (1) the evidence produced at trial was insufficient to support her conviction; (2) the indictment was duplicitous; (3) the district court erred in admitting a demonstrative aid into evidence; and, (4) the district court erred in calculating the loss and forfeiture amounts. United States v. Palazzo, 372 Fed. Appx. 445 (5th Cir. 2010). The appellate court held that there was sufficient evidence to support Palazzo's conviction, and that the indictment was not duplicitous. Id. at 451-52. The appellate court also affirmed this court's decision to admit the demonstrative aid into evidence, and agreed with this court's calculations of the loss and forfeiture amounts. Id. at 453-56. Palazzo appealed that decision, and the Supreme Court of the United States denied her *writ of certiorari*. Palazzo v. United States, 131 S.Ct. 231 (2010).

On August 19, 2010, Palazzo pleaded guilty to an additional 15 counts of health care fraud in violation of 21 U.S.C. §§ 331(e) and 333(a)(2).[2] She was sentenced to 13 months imprisonment

---

[2] Counts 41-55 of the Superceding Indictment pertain to Palazzo's failure to maintain records in connection with her investigative study of the prescription antidepressant drug Paxil. Prior to her trial, this court granted Palazzo's motion to dismiss those counts (Doc. # 96). The Government's appeal of that decision was pending at the time of trial. On February 6, 2009, the United States Court of Appeals for the Fifth Circuit reversed this court's dismissal of Counts 41-55 and remanded the matter to this court. United States v. Palazzo, 558 F.3d 400 (5th Cir. 2009). Palazzo subsequently entered into a guilty plea pursuant to a written plea agreement for Counts 41-55.

2

on each count, to be served concurrently with each other and the term of imprisonment imposed as a result of her April 16, 2008, conviction.

After the Supreme Court of the United States denied Palazzo's *writ of certiorari*, Palazzo filed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, et seq., for all the Federal Bureau of Investigation's ("FBI") records pertaining to her investigation and prosecution. On July 27, 2011, the FBI responded to Palazzo's FOIA request and produced several hundred documents, but also withheld an undisclosed amount of information pursuant to FOIA exemptions from disclosure. On August 16, 2011, Palazzo appealed the FBI's decision to withhold documents to the United States Department of Justice's Office of Information Policy ("OIP").

On October 3, 2011, while awaiting the OIP's decision on her appeal, Palazzo filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, with respect to the April 16, 2008, conviction. Palazzo argued that the Government violated Brady v. Maryland, 83 S.Ct. 1194 (1963), by failing to produce several interviews of her former employees that included exculpatory information.

On November 15, 2011, the OIP notified Palazzo's counsel by letter that: (1) it was remanding Palazzo's request "for further processing of the responsive records withheld pursuant to Exemption 4"[3]; (2) the FBI would "send any additional releasable records" that were not properly withheld pursuant to Exemption 4; (3) Palazzo could appeal future "adverse determinations" made

---

[3] Pursuant to 5 U.S.C. § 552(b)(4), "Exemption 4," the FOIA does not apply to matters that are "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

by the FBI; and, (4) the FBI properly withheld certain information pursuant to five FOIA exemptions.[4]

By February 2012, Palazzo had not received any additional documents pursuant to the OIP appeal. On February 9, 2012, she wrote a letter to the OIP inquiring about the status of the FBI's additional production of documents. On April 11, 2012, Palazzo filed a motion to compel compliance or to continue deadline, requesting the court to order the Government to comply with the OIP's November 15, 2011, decision and produce additional documents. On April 12, 2012, this court granted Palazzo's motion, and ordered the Government to produce all responsive documents, as directed by the OIP, on or before May 1, 2012.

On April 13, 2012, the Government filed a motion for reconsideration of the court's order directing the Government to comply with the OIP's appeal decision, arguing that: (1) Palazzo failed to exhaust her administrative remedies with the OIP, and therefore the court lacks jurisdiction over this matter; (2) it is not the proper party to Palazzo's motion to compel; (3) it is unable to determine exactly what documents Palazzo seeks; (4) Palazzo is improperly using a § 2255 action to compel discovery; and, (5) Palazzo failed to show good cause for discovery pursuant to a § 2255 action.

---

[4] The five exemptions are as follows: (1) pursuant to 5 U.S.C. § 552(b)(3), the FBI properly withheld information that concerned matters specifically exempted from release by statute (Rule 6(e) of the Federal Rules of Criminal Procedure, which pertains to the secrecy of grand jury proceedings); (2) pursuant to 5 U.S.C. § 552(b)(6), the FBI properly withheld personal files, medical files, and similar files that if released would constitute a clearly unwarranted invasion of the personal privacy of third parties; (3) pursuant to 5 U.S.C. § 552(b)(7)(C), the FBI properly withheld information that concerns records or information compiled for law enforcement purposes that if released would constitute an unwarranted invasion of the personal privacy of third parties; (4) pursuant to 5 U.S.C. § 552(b)(7)(D), the FBI properly withheld records and information compiled for law enforcement purposes that if released could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and, (5) pursuant to 5 U.S.C. § 522(b)(7)(E), the FBI properly withheld records and information compiled for law enforcement purposes that if released would disclose techniques and procedures for law enforcement investigations.

**ANALYSIS**

**A. Government's Motion for Reconsideration**

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. However, in United States v. Healy, 84 S.Ct. 553, 555 (1964), and United States v. Dieter, 97 S.Ct. 18, 19 (1976), the Supreme Court of the United States sanctioned such motions in criminal proceedings by permitting the Government to seek reconsideration of district court rulings that dismissed indictments. The United States Court of Appeals for the Fifth Circuit has also sanctioned motions for reconsideration in criminal proceedings. United States v. Thompson, 79 Fed. Appx. 22, 23 (5th Cir. 2003) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982), *cert. denied*, 102 S.Ct. 2255 (1982)) ("A motion for reconsideration in a criminal proceeding is a legitimate procedural device").

**1. FOIA**

"The Freedom of Information Act was enacted to facilitate public access to Government documents." U.S. Dep't of State v. Ray, 112 S.Ct. 541, 547 (1991) (citation omitted). "The statute was designed 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" Id. (quoting Dep't of Air Force v. Rose, 96 S.Ct. 1592, 1600 (1976)). The FOIA mandates the disclosure of federal agency records unless such records fall within certain enumerated exemptions. Dep't of the Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n, 121 S.Ct. 1060, 1065 (2001). Disclosure is the "dominant objective of the Act [FOIA]," not secrecy. Dep't of Air Force, 96 S.Ct. at 1600.

### a. Exhaustion of Administrative Remedies

The FOIA requires exhaustion of administrative remedies prior to seeking judicial review. Voinche v. FBI, 999 F.2d 962, 963 (5th Cir. 1993) (citing Voinche v. U.S. Dep't of Air Force, 983 F.2d 667, 669 (5th Cir. 1993)). "This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." Taylor v. Appleton, 30 F.3d 1365, 1368-69 (5th Cir. 1994) (citation omitted). There are two types of exhaustion under the FOIA: actual and constructive. Id. at 1369. "Actual exhaustion occurs when the agency denies all or part of a party's document request." Id. "Constructive exhaustion occurs when certain statutory requirements are not met by the agency." Id.

Palazzo actually and constructively exhausted administrative remedies with respect to her FOIA request. Actual exhaustion occurred on July 27, 2011, when the FBI, claiming that the documents fell under FOIA exemptions, declined to produce certain documents that Palazzo requested. With respect to constructive exhaustion, the United States Court of Appeals for the Fifth Circuit has noted that "under the FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), the agency to which a request is directed has *twenty days* to make a determination of the appeal unless 'unusual circumstances,' 5 U.S.C. § 552(a)(6)(B), are involved." Cazalas v. U.S. Dep't of Justice, 660 F.2d 612, 617 (5th Cir. 1981) (emphasis added). To date, the FBI has not responded to the OIP's November 15, 2011, decision, and has not contacted Palazzo regarding any additional disclosures. The FBI's failure to respond within 20 days of the OIP's decision constitutes constructive exhaustion. Because Palazzo

exhausted administrative remedies with respect to her FOIA request, this court had jurisdiction over her motion to compel.

### 2. Proper Party to Palazzo's Motion to Compel

The Government *i.e.*, the United States Attorney's Office ("USAO"), argues that it is not the proper party to Palazzo's motion to compel because: (1) this court's April 12, 2012, Order stating that the "Government must produce documents . . . " is unclear in that it does not clarify who the "Government" is; (2) it is not a party to Palazzo's FOIA request or OIP appeal; and, (3) it does not have procedural jurisdiction over the FBI to compel disclosure of documents.

The "Government," as stated in this court's April 12, 2012, Order, refers to the USAO. The USAO is responsible for evidence related to criminal prosecutions which are in the possession of United States executive investigatory agencies who aid in such prosecution. See, e.g., United States v. Bailleaux, 685 F.2d 1105, 1113 (9th Cir. 1982) ("Thus, it does not matter that the U.S. Attorney did not 'receive' the tape until the night before appellant's testimony; it is enough for purposes of the custody requirement of Rule 16 that it was in the possession of the FBI") (citation omitted); United States v. Scruggs, 583 F.2d 238, 242 (5th Cir. 1978) ("Nor is the government excused from its obligation by the fact that the documents were in the possession of the FBI prior to trial") (citations omitted); United States v. James, 495 F.2d 434, 436 (5th Cir. 1974) ("That the U.S. Attorney was unaware of the tapes at the time of the hearing because they were in the possession of Agent Cazenavette [of the Bureau of Narcotics and Dangerous Drugs] does not excuse his affirmative misrepresentation"); United States v. Bryant, 439 F.2d 642, 650 (D.C. Cir. 1971), *abrogated on other grounds by* Arizona v. Youngblood, 109 S.Ct. 333 (1988), ("The fact that it was

the Bureau of Narcotics and Dangerous Drugs, and not the United States Attorney's Office, which had possession of the tape in these cases does not render it any less discoverable").

The FBI is an executive investigatory agency that routinely assists the USAO in criminal prosecutions. Here, the FBI interviewed Palazzo's employees, assisted in the overall investigation, and helped compile documents that relate to Palazzo's prosecution for health care fraud. The USAO had full access to these documents and used them to successfully prosecute Palazzo. The USAO retrieved documents from the FBI prior to Palazzo's motion to compel, without argument on procedural jurisdiction, and this court finds no reason why the USAO cannot now acquire similar documents. Thus, the USAO is a proper party to Palazzo's motion to compel.

### 3. Discovery in a 28 U.S.C. § 2255 Proceeding

The Government argues that Palazzo's request for this court to order the Government to produce documents withheld by the FBI constitutes discovery during the pendency of a § 2255 proceeding, and that Palazzo has failed to establish good cause for such discovery.

Proceedings under 28 U.S.C. § 2255 are *habeas corpus* proceedings. See In re Stone, 118 F.3d 1032, 1034 (5th Cir. 1997); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); United States v. Rodriguez, 897 F.2d 1324, 1329 (5th Cir. 1990). "A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 117 S.Ct. 1793, 1796-97 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings states, in pertinent part, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Good cause exists "where specific allegations before the court show reason to believe that the petitioner

may, if the facts are fully developed, be able to demonstrate that [s]he is . . . entitled to relief." Bracy, 117 S.Ct. at 1799. "Conclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact." United States v. Webster, 392 F.3d 787, 802 (5th Cir. 2004) (citations omitted).

Palazzo argues that the information currently withheld by the FBI will reveal Government violations of Giglio v. United States, 92 S.Ct. 763 (1972), and Brady, and that such violations constitute good cause for discovery. Palazzo's argument that she is entitled to discovery is based on the allegations in her motion to vacate, set aside, or correct sentence. In that motion, Palazzo argues that the documents she received from the FBI pursuant to her FOIA request revealed numerous Brady violations by the Government, such as failing to disclose FBI interviews of Palazzo's former employees which allegedly contain exculpatory information. Palazzo argues that because the information already disclosed by the FBI reveals Brady violations by the Government, the information currently withheld by the FBI is likely to reveal Brady and Giglio violations as well. See Doc. # 385, p. 5, ¶ 2 ("Morever, the violations which Dr. Palazzo has already identified *suggest* that additional and similar violations *are likely to exist*") (emphasis added). The Government claims that it spoke with an FBI representative in the FOIA Litigation Unit who informed the Government that the documents currently withheld by the FBI relate to proprietary drug company information. See Doc. # 386, p. 5, ¶ 3. The Government argues that such information is irrelevant to Palazzo's motion to vacate, set aside, or correct sentence because it relates to Counts 41-55 of the Superceding Indictment, which Palazzo voluntarily pleaded guilty to pursuant to a written plea agreement.

9

Considering the parties' arguments, the court finds it necessary to conduct an *in camera* inspection of the documents to determine their content and whether they reveal Brady and Giglio violations by the Government. Therefore, the Government's motion for reconsideration is GRANTED, and this court's April 12, 2012, Order is AMENDED to require the Government to produce such documents for the court's *in camera* inspection.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Government's Motion for Reconsideration (Doc. # 383) is **GRANTED**, and this court's April 12, 2012, Order directing the Government to produce responsive documents as required by the Office of Information Policy, is **AMENDED** to require the documents to be produced for the court's *in camera* inspection. The Government must file the responsive documents by October 1, 2012.

New Orleans, Louisiana, this __16th__ day of August, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**